United States District Court
Southern District of New York

_____

Angelina Szabo, individually, and on
Behalf of others similarly situated

                      Plaintiff,

      v.

Tougher Industries, Inc.

                      Defendant
_____

**ORIGINAL**

**JUDGE CONNER**

Complaint
"ECF Case"
Jury Trial Demanded

**06 CIV. 4001**

The Plaintiff Angelina Szabo (hereinafter "Ms. Szabo" or "Plaintiff") by her attorney Joseph P. Carey, P.C. and pursuant to FRCP Rule 8(a) as and for her Complaint against Tougher Industries, Inc. (hereinafter "Defendant" or "Tougher") alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for compensatory and liquidated damages for unpaid overtime pursuant to the Fair Labor Standards Act of 1938 (The ACT), 29 USC §§ 201-209; and this action also contains pendent claims for compensatory and liquidated damages for unpaid overtime pursuant to the New York State Labor Law §663, and its Regulations 12 NYCCR §142-2.2.

## JURISDICTION

2. This court has jurisdiction conferred by Federal Rules of Civil Procedure Rule 20 and by 28 USC §§ 451, 1331, 1367, the Fair Labor Standards Act of 1938 as amended, codified at 29 USC §§ 201, et. seq. and 29 USC § 216 (b); and New York State Labor Law § 663 and its Regulations 12 NYCCR § 142-2.2.

## VENUE

3. The United States District Court for the Southern District of New York, White Plains Division is the proper venue for this action because the Defendant conducts business within the counties contained in the Southern District of New York, including the White Plains Division, and the Plaintiff resides within the jurisdiction of this Court.

1

4. The Plaintiff Ms. Szabo resides at 21 Stephanie Lane, Poughkeepsie, Dutchess County, New York 12603.

5. Upon information and belief, the Defendant Tougher is authorized to conduct business in the state of New York and has an office in Dutchess County New York.

## FACTUAL ALLEGATIONS

6. Ms. Szabo to recover unpaid overtime compensation, liquidated damages, attorney's fees and costs due under the Fair Labor Standards Act 29 USC §§ 201 et. seq. and its Regulations 229 CFR part 778 and under the New York State Labor Law § 663 and its Regulations 12 NYCCR § 142-2.2.
7. Ms. Szabo was hired by Ethan Allen staffing on or about August 9, 2004, and assigned to Tougher as a FT office manager, earning $17.50 per hour on a temporary to permanent assignment.
8. On or about 9/28/04 defendant Tougher hired Ms. Szabo directly as an IRS W2 employee at an hourly rate of $20.00.
9. Ms. Szabo did not receive a fixed salary for all hours worked.
10. Ms. Szabo suffered reductions in weekly pay for time lost less than one full day.
11. Ms. Szabo did not supervise two or more hourly employees in the defendant's workplace.
12. Ms. Szabo, with the knowledge of defendant, performed work for defendant at her home, for which she was not paid.
13. Ms. Szabo had two supervisors to whom she directly reported.
14. Ms. Szabo regularly worked in a given work week in excess of 40 hours, and defendant did not record the weekly hours worked in excess of 40.
15. Ms. Szabo received no overtime compensation for any of the weekly hours worked in excess of 40.

## COUNT 1: COMPENSATORY AND LIQUIDATED DAMANGES FOR PLAINTIFF SZABO FOR VIOLATION OF FLSA AND ITS REGULATIONS 29 CFR PART 778

16. Plaintiff Szabo repeats and realleges ¶¶ 1-15 above is fully set forth herein.
17. Upon information and belief Tougher has had the services of Labor and Employment attorneys in the past, and knew or should have known that Plaintiff Szabo did not meet the salary tests of 29 CFR § 541.118, nor the other requirements of 29 CFR § 541.
18. The Defendant's failure to pay Plaintiff Szabo overtime compensation for such hours worked was willful and in violation of the Fair Labor's Act and its regulations 29 CFR part 778.

## COUNT 2: COMPENSATORY AND LIQUIDATED DAMAGES FOR PLAINTIFF SZABO FOR VIOLATION OF NEW YORK STATE LABOR LAW §663 AND ITS REGULATIONS 12 NYCCR §142-2.2.

19. Plaintiff Szabo repeats and realleges ¶¶ 1-18 as fully set forth herein.
20. Defendant Tougher willfully failed to record the times mentioned in ¶¶ 12 & 14 herein as "hours worked' and thereby willfully failed to pay overtime compensation to the Plaintiff Szabo, in violation of the New York State Labor Law § 663 and its Regulations 12 NYCCR § 142-2.2.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff Szabo, requests that this Court enter Judgment and Order to Plaintiffs:
   a. Declaring that the Defendant violated the Fair Labor Standards Act and New York Labor Law, Article 19;
   b. Declaring that the Defendant's violations of the FLSA and New York Labor Law were willful;
   c. Awarding the Plaintiff liquidated damages for her claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages both as determined by the Jury.
   d. Awarding the Plaintiff damages for her claims of unpaid wages as secured by Articles 6 and 19 of the New York Labor Law as well as an additional 25% in liquidated damages both as determined by the Jury.

3

## **JURY TRIAL DEMAND**

Plaintiff Szabo demands a jury trial on all questions of fact in this action.

Dated: April 7, 2006
Fishkill, New York

Joseph P. Carey, P.C.

By _____
Joseph P. Carey (JC4096)
Attorney for the Plaintiff and all those
Similarly situated
1081 Main Street, Suite E
Fishkill, New York 12524
(845) 896-0600